**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

GARON JACKSON, ET AL.                                    CIVIL ACTION

VERSUS                                                   NO. 25-1821

NAVY FEDERAL CREDIT UNION                                SECTION: "G"(2)

**ORDER AND REASONS**

Before the Court is Defendant Navy Federal Credit Union's ("Defendant") Motion to Dismiss.[1] *Pro se* Plaintiffs Garon Jackson and Cierra Jackson (collectively, "Plaintiffs") bring claims against Defendant pursuant to the Truth in Lending Act ("TILA"), Real Estate Procedure Acts ("RESPA"), and 42 U.S.C. § 1983. Plaintiffs also allege claims of fraud, unconscionable terms, and "Bill in Equity."[2] Defendant moves the Court to dismiss this case for failure to state a claim upon which relief may be granted.[3] Plaintiffs oppose the motion.[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion without prejudice and grants Plaintiffs leave to file an amended complaint.

**I. Background**

On or about July 26, 2023, Plaintiffs obtained a $295,075 mortgage (the "Mortgage") on their home, located at 3772 Silver Maple Ct., New Orleans, Louisiana 70131, from Defendant.[5] Plaintiffs' allege that Defendant "failed to provide material disclosures, concealed the securitization and sale of the promissory note, and violated federal lending standards including

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 1-2.

[3] Rec. Doc. 4.

[4] Rec. Doc. 8.

[5] Rec. Doc. 1-2 at 4.

TILA and RESPA."[6] Plaintiffs also aver that Defendant has refused to provide papers including, validation and proof of claim, accounting, servicing chain, and the purchase agreement.[7] "Plaintiffs assert that no lawful contract exists between the parties due to fraud, unconscionable terms, and lack of full disclosure, thereby invoking equitable remedies to cancel, rescind, quiet title, and/or the property interest through equitable conversion and constructive trust enforcement."[8]

On July 3, 2025, Plaintiffs filed suit against Defendant in the Civil District Court for the Parish of Orleans.[9] On September 4, 2025, Defendant removed the case to this Court on the basis of federal question jurisdiction.[10]

On September 11, 2025, Defendant filed the instant Motion to Dismiss.[11] On October 7, 2025, Plaintiffs filed an opposition to Defendant's Motion to Dismiss and a "Motion to Dismiss Defendant's Answer for Untimely Filing and Failure to Comply with Louisiana Long Arm Statute Requirements."[12] On October 14, 2025, Defendant filed a reply in further support of the Motion to Dismiss.[13]

---

[6] *Id.*

[7] *Id.*

[8] *Id.* at 5.

[9] *Id.* at 1.

[10] Rec. Doc 1.

[11] Rec. Doc. 4.

[12] Rec. Docs. 8, 9. The Court considers Plaintiffs' Motion as a part of their opposition.

[13] Rec. Doc. 10.

## II. Parties' Arguments

### A.    *Defendant's Arguments in Support of the Motion to Dismiss*

Defendant moves the Court to dismiss this case because it alleges that Plaintiffs have not put forth facts to support their claims.[14] Further, Defendant asserts that Plaintiffs' petition alleges only conclusory allegations of law.[15] Specifically, Defendant argues that Plaintiffs merely list allegations that Defendant violated the law and fail to allege fraud with particularity.[16] Defendants also assert that Plaintiffs' claim labeled "Bill in Equity" is procedurally improper and devoid of factual or legal allegations.[17] Moreover, Defendant points out that it has not filed a suit, initiated foreclosure proceedings, seized the property, or taken any action against Plaintiffs at this time.[18]

### B.    *Plaintiffs' Arguments in Opposition to the Motion to Dismiss*

In opposition, Plaintiffs re-assert the conclusory allegations in the petition but include new allegations of law and fact.[19] In particular, Plaintiffs contend that Defendant "concealed the true source of funds and failed to provide Appendix H disclosures" and "[m]isrepresented the loan as being directly funded by [Defendant] when in fact it was not."[20]

Additionally, in Plaintiffs' Motion, Plaintiffs move the Court to dismiss or strike Defendant's Motion to Dismiss filed on September 11, 2025, as untimely.[21]

---

[14] Rec. Doc. 4-1.

[15] *Id.*

[16] *Id.* at 4.

[17] *Id.*

[18] *Id.* at 5.

[19] Rec. Doc. 8.

[20] *Id.* at 4.

[21] Rec. Doc. 9.

*C.*        ***Defendant's Arguments in Further Support of the Motion to Dismiss***

In reply, Defendant contends that Plaintiffs assert new facts in the Opposition that the Court should not consider and re-alleges that Plaintiffs' petition is conclusory.[22] Defendant further asserts that it timely removed the case within 30 days of service.[23] Moreover, Defendant submits that the Motion to Dismiss is timely because it was filed within seven days of removal.[24]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[25] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[26] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[27] "Factual allegations must be enough to raise a right to relief above the speculative level."[28] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[29]

---

[22] Rec. Doc. 10

[23] *Id.* at 2.

[24] *Id.*

[25] Fed. R. Civ. P. 12(b)(6).

[26] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[28] *Twombly*, 550 U.S. at 555.

[29] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[30] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[31] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[32] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[33] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[34] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[35] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[36] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[37]

---

[30] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[31] *Iqbal*, 556 U.S. at 678–79.

[32] *Id.* at 679.

[33] *Id.* at 678.

[34] *Id.*

[35] *Id.*

[36] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[37] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

**IV. Analysis**

**A.      Timeliness of Defendant's Notice of Removal and Motion to Dismiss**

First, the Court addresses whether Defendant's pleadings are untimely. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."[38] Defendant was served on August 13, 2025, and filed the Notice of Removal on September 4, 2025, well within the thirty-day limit.[39]

Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), responsive pleadings were due seven days after the notice of removal was filed.[40] Defendant filed the Motion to Dismiss on September 11, 2025.[41] Accordingly, the Court finds that Defendant answered timely and denies Plaintiffs Motion[42] to strike Defendant's Motion to Dismiss.

**B.      Motion to Dismiss for Failure to State a Claim**

Defendant moves the Court to dismiss this case because it alleges that Plaintiffs have not put forth facts to support their claims.[43] The Court addresses each of the Plaintiffs' claims in turn.

---

[38] 28 U.S.C. § 1446(b).

[39] Rec. Docs. 9, 10.

[40] *See* Fed. R. Civ. Pro. 81(c)(2)(C) ("After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed.").

[41] Rec. Doc. 4.

[42] Rec. Doc. 9.

[43] Rec. Doc. 4-1.

First, Plaintiffs allege that Defendant violated "federal lending standards including TILA and RESPA."[44] However, the petition fails to set forth any facts in support of these alleged violations.[45] Plaintiffs must allege more than conclusory allegations or legal conclusions presented as factual conclusions to survive a Motion to Dismiss.[46] In opposition to the instant motion Plaintiffs assert that Defendant's failure to disclose Appendix H-compliant forms violated TILA and failure to respond to written requests violated RESPA.[47] However, the Court does not consider new allegations and facts alleged in opposition that are not set forth in the petition.[48] Because the petition sheds no light on the nature of these claims or how recovery is possible on these claims, the Court finds these alleged violations to be the exact type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that do not meet the requirements of Rule 8(a).[49]

Plaintiffs next assert that Defendant violated 42 U.S.C. § 1983 by depriving them of their property rights and interest without notice, hearing, or judicial process.[50] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[51] The petition must specifically allege which federal right the defendant

---

[44] *Id.* at 5.

[45] *See* Rec. Doc. 1-2.

[46] *See Iqbal*, 556 U.S. at 679.

[47] Rec. Doc. 8 at 3.

[48] *Estell v. Strive, Inc.*, No. 16-2278, 2016 U.S. Dist. LEXIS 91027, at *8 (E.D. La. July 13, 2016); *See Goodwin v. Hous. Auth. of New Orleans*, No. 11-1397, 2013 U.S. Dist. LEXIS 104396, at *9 n. 37 (E.D. La. July 25, 2013) (noting that it is "inappropriate to raise new facts and assert new claims in an opposition to a motion to dismiss").

[49] *See Iqbal*, 556 U.S. at 678 (citing [*9] *Twombly*, 550 U.S. at 555).

[50] *Id.* at 5.

[51] *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under the color of law, a person or entity must have committed the wrongful act through its authority granted by law. *Id.* at 49.

violated and allege sufficient facts to meet the plausibility standard.[52] Again, Plaintiffs' petition contains conclusory allegations of law without sufficient facts.[53] Plaintiffs do not allege any facts to show that Defendant violated their rights or that Defendant was acting under color of state law. In light of the insufficient facts in the Petition, the Court finds that these claims have not been plausibly plead.

Next, Plaintiffs claim that Defendant fraudulently issued the Mortgage and failed to furnish papers to Plaintiffs, including securitization and proper accounting, resulting in unlawful seizure. Rule 9(b) requires that a party alleging fraud or mistake "state with particularity the circumstances constituting fraud or mistake."[54] Put simply, to sufficiently plead fraud a petition must set forth the "who, what, when, where, and how."[55] The fraud allegations in the petition do not contain sufficient details to meet this standard.

Additionally, Plaintiffs allege unconscionable terms in the petition.[56] A contract's terms are unconscionable when a party lacks the "free consent that the [Louisiana Civil] Code requires of

---

[52] *Nickens v. Williams*, 2013 U.S. Dist. LEXIS 167293, at *2–4 (N.D. Miss. Nov. 25, 2013).

[53] Rec. Doc. 1-2 at 5.

[54] Fed. R. Civ. P. 9(b)

[55] *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.*

[56] Rec. Doc. 1-2 at 5.

all contracts."[57] Plaintiffs have failed to identify any specific unconscionable contract terms or negotiations, and thus Plaintiffs have failed to state a claim upon which relief can be granted.[58]

Plaintiffs' final claim is for a "Bill in Equity–Demand for Accounting, Quiet Title, and Constructive Trust Enforcement."[59] The petition must state a plausible claim for relief.[60] "While a complaint may seek both legal and equitable relief, a court may not grant equitable relief unless it first determines that the party seeking equitable relief has no adequate legal remedy."[61] Here, Plaintiffs have failed to plead any facts to support their claims for legal relief.

The factual allegations in the Petition are impermissibly sparse and vague. Even when held to a less rigorous standard in light of Plaintiffs' *pro se* status, the Petition does not allege any facts that, if taken as true, state a valid claim under RESPA, TILA, 42 U.S.C. § 1983, or under Louisiana law for fraud or unconscionable terms. However, "district courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case."[62] Given that Plaintiffs have not previously amended the Petition and Plaintiffs' *pro se* status, the Court finds it appropriate to grant Plaintiffs leave to file an amended complaint to clarify the legal and factual basis for their claims.

---

[57] *Beachcorner Props., LLC v. Indep. Specialty Ins. Co.*, No. 23-1287, 2023 U.S. Dist. LEXIS 197605, at *8 (E.D. La. Nov. 3, 2023) (quoting *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 167 (5th Cir. 2004)); *Berry v. Wells Fargo Bank, N.A.*, No. 22-889-JWD-RLB, 2023 U.S. Dist. LEXIS 144383, at *61 (M.D. La. July 26, 2023) ("Louisiana recognizes that certain contractual terms, especially when contained in dense standard forms that are not negotiated, can be unconscionable and thus unenforceable.").

[58] *See Berry*, 2023 U.S. Dist. LEXIS 144383, at *62

[59] Rec. Doc. 1-2 at 6.

[60] *Iqbal*, 556 U.S. at 678.

[61] *Nasdaq, Inc. v. Exch. Traded Managers Grp.,* LLC, 431 F. Supp. 3d 176, 274 (S.D.N.Y. 2019) (quoting 1 James W. Moore, et al., Moore's Federal Practice § 2.03(3) (3d ed. 2013)).

[62] *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss[63] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion to Dismiss Defendant's Answer for Untimely Filing and Failure to Comply with Louisiana Long Arm Statute Requirements"[64] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to amend the Complaint by April 30, 2026. If Plaintiffs are unable to cure the deficiencies in the Complaint by that time, upon motion by a party, the Court will dismiss Plaintiffs' claims.

**NEW ORLEANS, LOUISIANA,** this __6th__ day of April 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[63] Rec. Doc. 4.

[64] Rec. Doc. 9.