**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**GARON JACKSON, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                                       **NO. 25-1821**

**NAVY FEDERAL CREDIT UNION**                    **SECTION: N**

## ORDER AND REASONS

Before the Court is Defendant Navy Federal Credit Union's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss "the claims asserted against them [sic] in the Complaint, Rec. Doc. No. 1 . . . ."[1] Plaintiffs Garon Jackson and Cierra Jackson, proceeding pro se, have not filed an opposition. Having considered the Motion, the record, and the applicable law, the Motion is **DENIED WITHOUT PREJUDICE** for the reasons that follow.

### I.    Factual Background

Plaintiffs filed this action pro se, asserting claims arising from Navy Federal Credit Union's alleged failure to provide complete and accurate mortgage servicing information in response to Plaintiffs' written requests.[2] Judge Nannette Jolivette Brown denied Navy Federal Credit Union's first motion to dismiss without prejudice, granting Plaintiffs leave to amend.[3]

---

[1] R. Doc. 24 at p.1.
[2] R. Doc. 1-2.
[3] R. Doc. 12 (Judge Brown's Order and Reasons); R. Doc. 9 (first motion to dismiss).

Plaintiffs' case was subsequently transferred to this Court and,[4] on April 16, 2026, they filed their First Amended Complaint.[5] The First Amended Complaint asserts two counts: (1) a violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, and its implementing regulation, Regulation X, 12 C.F.R. § 1024.36, arising from Navy Federal Credit Union's allegedly incomplete June 3, 2025, response to Plaintiffs' written request for servicing information; and (2) Louisiana fraud/misrepresentation under article 1953 of the Louisiana Civil Code, based on Navy Federal Credit Union's representations in that same response.[6] Plaintiffs also seek declaratory relief under 28 U.S.C. §§ 2201-2202, tied to Navy Federal Credit Union's ongoing servicing obligations.[7]

## II.    Law and Analysis

Although Plaintiffs have not filed an opposition, under Fifth Circuit precedent, courts generally should not grant a motion to dismiss solely because it is unopposed, without considering the merits of the arguments.[8] As an initial matter, the Motion itself states that Navy Federal Credit Union seeks to dismiss "the claims asserted against them [sic] in the Complaint, Rec. Doc. No. 1 . . . ."[9] But "Rec. Doc. No. 1" is Plaintiffs' original state court petition,[10] which is not the operative pleading. The operative pleading is the First Amended Complaint filed on April 16, 2026,[11] which

---

[4] R. Doc. 13.

[5] R. Doc. 18.

[6] *Id.* at pp. 2-3 ¶¶ 20-34.

[7] *Id.* at p. 3 ¶¶ 35-38.

[8] *Webb v. Morella*, 457 F. App'x 448, 452 & n.4 (5th Cir. 2012) (discussing precedent).

[9] R. Doc. 24 at p.1.

[10] R. Doc. 1-2.

[11] R. Doc. 18.

is never cited in Navy Federal Credit Union's Motion to Dismiss or supporting Memorandum.[12] Put simply, the Motion does not identify the correct pleading as the target of dismissal.

This is not merely a typographical error. The Motion and supporting Memorandum proceed to address, inter alia, claims arising under 42 U.S.C. § 1983,[13] the Truth in Lending Act,[14] "Unconscionable terms,"[15] "Lack of full disclosure,"[16] and "Bill in Equity."[17] None of these claims appear in the operative First Amended Complaint.[18] As set forth above, the First Amended Complaint asserts only the RESPA/Regulation X count and the Louisiana fraud count, along with a request for declaratory relief tied to the RESPA count.[19]

Plaintiffs' failure to oppose the Motion is unsurprising because the Motion is directed at the wrong complaint and its arguments largely do not correspond to the claims Plaintiffs actually assert, leaving Plaintiffs with little to which they could meaningfully respond. Because the Motion is directed substantially at claims not before the Court and fails to adequately address the sufficiency of the claims that are, the Court cannot conclude on this record that dismissal with prejudice is warranted.

---

[12] R. Docs. 24 and 24-1.
[13] R. Doc. 24-1 at p. 5.
[14] *Id.*
[15] *Id.* at p. 6.
[16] *Id.*
[17] *Id.* at p. 7.
[18] R. Doc. 18.
[19] *Id.* at pp. 2-3 ¶¶ 20-38. And while the Motion does address RESPA and article 1953 of the Louisiana Civil Code (fraud), it does so only briefly and interspersed with nonexistent claims, and without addressing Regulation X. Specifically, the Motion addresses the RESPA claim in connection with the non-existent Truth in Lending Act claim, and fraud with the non-existent "Unconscionable terms[] and Lack of full disclosure" claims. R. Doc. 24-1 at pp. 2-3.

## III.   Conclusion

**IT IS ORDERED** that Navy Federal Credit Union's Motion to Dismiss[20] is **DENIED WITHOUT PREJUDICE** to refiling a motion that addresses the claims actually asserted in Plaintiffs' First Amended Complaint.

New Orleans, Louisiana, this 28th day of July, 2026.

_____

**ANNA ST. JOHN**
**UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. 24.