UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GARON JACKSON, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1821 |
| NAVY FEDERAL CREDIT UNION | * | SECTION "N" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiffs' Motion for Leave to Serve Supplemental Discovery. ECF No. 32; *see also* ECF No. 34. In this motion, Plaintiffs seek leave to serve interrogatories and requests for production, presumably as supplemental to the initial disclosures. No party filed an Opposition, nor did any party request oral argument.

Having considered the record and the applicable law, Plaintiffs' motion is DENIED as unnecessary for the reasons stated herein.

## I. BACKGROUND

Plaintiffs filed suit alleging that Defendant Navy Federal Credit Union failed to provide full and accurate information regarding the servicing of their mortgage, in violation of federal (12 U.S.C. § 2605 and related regulations) and state law. ECF No. 18 ¶¶ 20-34. The Court's August 27, 2026 Scheduling Order established a trial date of June 21, 2027, with a discovery deadline of March 19, 2027. ECF No. 28, at 3 & 6. This Order also required the parties to exchange initial disclosures by September 3, 2027. *Id*. at 2.

Shortly after the Scheduling Order, Plaintiffs filed this "Motion for Leave to Serve Supplemental Discovery." The Honorable Anna St. John issued an order clarifying that the parties discussed initial disclosures, not supplemental discovery, during the scheduling conference. ECF No. 34. Judge St. John granted a 7-day extension of the deadline to exchange initial disclosures and referred the remainder of Plaintiffs' request regarding discovery to the undersigned. *Id*.

## II. <u>APPLICABLE LAW AND ANALYSIS</u>

In general, discovery in ordinary civil actions governed by the Federal Rules of Civil Procedure is initially conducted by the parties without court assistance. "Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"[1] Absent a court order, Rule 26(d)(1) prohibits discovery from any source before the Rule 26(f) conference. When, however, either the Rule 26(f) conference or the Rule 16 scheduling conference has been held,[2] leave of court is not required to conduct discovery during the authorized discovery period except in limited circumstances.[3] The fact that Plaintiffs are proceeding *pro se* does not excuse them for lack of knowledge of the Rules of Civil Procedure or relieve them of the obligation to comply with the governing rules addressing the proper means of obtaining discovery.[4]

A party seeking discovery must present the discovery directly to the appropriate party or entity, in accordance with Rules 26 through 36 and/or 45 of the Federal Rules of Civil Procedure. The responding party is entitled to 30 days within which to provide written responses setting forth the answers and/or objections.[5] If the requesting party deems the responses insufficient, before seeking court assistance, the requesting party must confer with the opposing party to resolve any perceived deficiency in accordance with Rule 37. Only after that good faith effort to resolve the

---

[1] FED. R. CIV. P. 26(b)(1).

[2] *See Baker Tanks, Inc. v. Stranco, Inc*., No. 98-730, 1998 WL 382142, at *1 (E.D. La. July 8, 1998) (addressing the merits of a discovery dispute even though parties neglected to hold a proper Rule 26(f) conference when initial scheduling conference was set a week later and the discovery process would commence thereafter); *Bo-Mac Contractors, Ltd. v. Daigle Towing Serv., L.L.C*., No. 19-11792, 2020 WL 1812796, at *3 (E.D. La. Apr. 9, 2020) (recognizing that discovery begins from Rule 16 scheduling conference date when parties fail to hold a Rule 26(f) conference).

[3] For instance, leave of court is required to depose an incarcerated person, to take more than 10 depositions, or issue more than 25 interrogatories. FED. R. CIV. P. 30(a)(2); 33(a)(1).

[4] *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013); *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (recognizing that the right of self-representation does not exempt a party from complying with the procedural rules and substantive law); *Maloney v. State Farm Fire & Cas. Co.*, No. 06-9183, 2008 WL 1850774, at *2 (E.D. La. Apr. 23, 2008) (same); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (same).

[5] FED. R. CIV. P. 33(b) & 34(b).

issue may the requesting party then seek the Court's assistance with discovery by filing a motion to compel.

## III. CONCLUSION

Plaintiff's motion for leave to conduct supplemental discovery is unnecessary.[6] The Court has held the Rule 16 scheduling conference and Plaintiff seeks to conduct discovery within the discovery deadline. Accordingly, leave of court is not required for Plaintiffs to issue fewer than 25 interrogatories under Rule 33 or any requests for production under Rule 34. Further, Plaintiffs have not established that Defendant has failed to respond to discovery after being served with an appropriate discovery request to justify court involvement in the discovery process at this time.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' motions for leave to serve supplemental discovery (ECF No. 32) is **DENIED** as unnecessary.

New Orleans, Louisiana, this 30th day of September, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[6] *Alexander v. Singletary*, No. 15-2659, 2016 WL 1737132, at *1 (W.D. La. May 2, 2016) (denying motion for limited discovery and motion to issue subpoena duces tecum as unnecessary because the discovery deadline had not yet lapsed and thus the parties were free to conduct discovery and issue subpoenas).